UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CORY HIER, | ) | CASE NO. 4:06 CV 2173 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| T.R. SNIEZEK, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On September 8, 2006, pro se plaintiff Cory Hier filed this Bivens[1] action against Elkton, Ohio Federal Correctional Institution ("FCI-Elkton") Warden T.R. Sniezek, and Federal Bureau of Prisons Northeast Regional Director D. Scott Dodrill. In the complaint, plaintiff alleges that he has been prevented from practicing his religion. He seeks injunctive relief.

**Background**

Mr. Hier, an inmate at FCI-Elkton, states that he practices the religion of Asatru. He contends the defendants have prevented him from practicing his religion, have impeded his access to the administrative grievance system and have retaliated against him. He contends that in September 2004, he was denied the ability to participate in the Vestri Blot feast. He contends that

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

he and other members of the religion submitted "cop-outs" in advance and were notified that the chaplain had approved them. On the day of the feast, the inmates were sent back to their units and were unable to participate in the observance. He complains of similar problems with the Samhain Blot on October 31, 2004 and the Yule Blot on December 21, 2004.

Mr. Hier alleges that the FCI-Elkton Chaplain and another individual identified as Mr. Eister, gathered inmate members of the Asatru, Rastafarian, "M.S.T.U.," Nation of Islam, and Native American religions on February 11, 2005, and told them that they were considered "potential terrorists" and a threat to the security of the institution. (Compl. at 5.) As a result, they were informed that their respective services and ceremonies would be observed by a staff member and that study groups would be no longer be permitted. They were told that as an alternative, "video viewing would be put in its place." (Compl. at 5.) Mr. Hier contends that Christian and Jewish religions were not subjected to any of these restrictions.

Three days after the meeting, on February 14, 2006, Mr. Hier and other members of the Asatru faith were placed in the Special Housing Unit ("SHU"). Mr. Hier claims they were not immediately provided with a reason for their placement. He indicates that on February 18, 2005, FCI-Elkton Warden T.R. Sniezek, visited Mr. Hier in his cell in the SHU and told him that there had been riots at other institutions involving Odinists.[2] Mr. Hier indicated that he was placed under investigation for the actions of inmates at other institutions.

Mr. Hier claims the Asatru members have been restricted in other ways. He indicates they have been trying to obtain an outside worship area since 1999. The requests have been denied. He indicates that in January 2006, the prison adopted a policy which mandates that

---

[2] Odin is one of the Norse gods of the Asatru religion.

2

inmates who list Asatru as their religion be placed on the "call-out" list to attend religious services. If the inmate does not attend, he will receive an incident report for being "out of bounds." (Compl. at 7.) Finally he claims that on June 22, 2006, the chaplain denied work release to Asatru inmates to observe "midsummer" which Mr. Hier claims is a holy day in Asatru.

Mr. Hier also contends the prison is interfering with his ability to send mail without restriction. He claims he is not permitted to send his mail "certified with return service" and has been denied the ability to send mail to the Office of the Inspector General and the Office of Professional Responsibility for the Bureau of Prisons. He indicates that he mail sometimes does not make it out of the institution.

## **Exhaustion of Administrative Remedies**

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). Moreover, the prisoner must specifically grieve allegations of retaliation or conspiracy against the defendants he names in

his complaint. Garrison v. Walters, No. 00-1662, 2001 WL 1006271 (6th Cir. Aug. 24, 2001); Curry, 249 F.3d at 504-05. In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Title 28 of the Code of Federal Regulations sets forth a four-step grievance procedure for administrative remedies for inmates housed in federal prisons. Under this title, an inmate initiates the grievance procedure by requesting an Informal Resolution from the prison official whose area of responsibility is most related to the grievance. 28 C.F.R. § 542.13. If the inmate is dissatisfied with the informal response, or if there has been no response to the complaint, the inmate may file a BP-9 form with the institution staff member designated to receive such requests. 28 C.F.R. § 542.14. If this second step does not provide satisfactory results, the inmate may file an appeal on a BP-10 form to the Regional Director. 28 C.F.R. § 542.15. An inmate who is not satisfied with the Regional Director's response may submit an appeal on the appropriate BP-11 form to the General Counsel. 28 C.F.R. § 542.15. The General Counsel's written response to the inmate's appeal is the final decision on the grievance.

If the inmate reasonably believes the issue he is grieving is sensitive and would place the inmate in danger if his grievance were made known at the institution, the inmate may file a grievance directly with the Regional Director on a BP-10 form. If the Regional Director agrees that the Request is sensitive, the Request shall be accepted. If the Regional Director does not agree with the inmate's assessment of the nature of the grievance, the inmate will be informed of the determination and given the opportunity to pursue the grievance through local channels with a BP-9 form. 28 C.F.R. § 542.14(D)(1).

Mr. Hier claims without much explanation that he has been impeded in his attempts

to file grievances. He states he filed an Informal Resolution form (BP-8.5) asking why he was being detained in the SHU. He claims he received no answer and could not obtain a BP-9 form to file a grievance with Warden Sniezek. He also states that he submitted a sensitive ten form to Regional Director D. Scott Dodrill on June 23, 2005. He does not indicate the content of this sensitive ten grievance. The grievance was denied. He was told to pursue his claim at the institution level. He states that the Asatru inmates:

> have made attempts to exhaust their administrative remedies in order to give the F.B.O.P. an opportunity to provide some sort of justification for their illegal actions and bring suit (if required) but the plaintiff have [sic] received extensive time in the SHU (nearly 7 months) as well as constant discrimination by staff while attempting to do this.

(Compl. at 7.) There is no indication to which of his many claims, if any, this statement refers. Finally, he makes a general statement that Warden Sniezek has obstructed his ability to exhaust his administrative remedies.

Administrative remedies are considered to be exhausted when prison officials fail to respond to a properly filed grievance, thereby preventing the prisoner from proceeding further in the grievance process. Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004). The burden, however, is still on the prisoner to plead his complaint with specificity to demonstrate that a particular claim has been exhausted. Id. He should describe the events covered by the particular grievance and state when it was submitted, to whom it was submitted, and whether it received any response. See Id. The court should be able to determine from the pleading that the grievance was properly filed, and that it did not receive a ruling because prison officials neglected it, not because the prisoner did not follow the proper procedure for submitting the grievance, because the grievance was untimely, or because it was submitted to an improper party. Although

Mr. Hier does not indicate to whom he submitted his Informal Resolution form, he does state that it concerned the reason for his placement in the SHU, that it was submitted in March 2005, and that it received no answer. If the Informal Resolution form was properly filed, and Mr. Hier in fact, was prevented from obtaining a BP-9 form, he would have no other administrative remedies left to exhaust for that claim. His claim regarding the reason for his placement in the SHU could arguably be addressed on its merits.

The prison's failure to respond to one or two of Mr. Hier's grievances, however, does not translate into an automatic waiver of the administrative grievance requirements for other incidents which may arise. See Id. Mr. Hier is still required to exhaust his administrative remedies for each incident he seeks to bring before this court. Curry, 249 F.3d at 504-05. He cannot assume that a grievance would be futile and proceed directly to federal court with his complaints. See Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999). His blanket statement that he was prohibited from filing grievances as a general matter, does not suffice to demonstrate exhaustion of his other claims.

## 28 U.S.C. § 1915(e)

Generally, if the exhaustion requirement has not been met, the federal case will be dismissed without prejudice. Brown v. Toombs, 139 F.3d at 1104. If, however, a complaint on its face clearly fails to state a claim upon which relief may be granted, the court may dismiss it on the merits without requiring exhaustion. See 42 U.S.C. § 1997e(c)(2); Id. Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if

6

it lacks an arguable basis in law or fact.[3]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, Mr. Hier's claims against D. Scott Dodrill are dismissed with prejudice pursuant to §1915(e).

Mr. Hier's claims against Mr. Dodrill are based upon the Regional Director's rejection of the sensitive ten grievance.  Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983.  Shehee v. Luttrell, 199 F.3d. 295, 300 (6th Cir. 1999).  Mr. Hier failed to allege facts to reasonably indicate that Mr. Dodrill engaged in activities which directly deprived him of his First Amendment rights.

## **Conclusion**

Accordingly, plaintiff's claims against D. Scott Dodrill are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e).  His claims against T.R. Sniezek pertaining to denial of religious practices and accommodations are dismissed without prejudice pursuant to 42 U.S.C. § 1997e.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]  This case shall proceed solely against Mr. Sniezek on the narrow issue of the

---

[3]  An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

[4]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

basis for Mr. Hier's placement in the Special Housing Unit. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process on Mr. Sniezek and shall include a copy of this order in the documents to be served**.**

       IT IS SO ORDERED.

                                          S/Peter C. Economus - 12/5/06
                                          PETER C. ECONOMUS
                                          UNITED STATES DISTRICT JUDGE