UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CORY HIER, | ) | Case No.  4:06 CV 2173 |
| | ) | |
| Plaintiff, | ) | Judge Peter C. Economus |
| | ) | |
| vs. | ) | INTERIM |
| | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| T. R. SNIEZEK, WARDEN, | ) | (Resolving Docket No. 13) |
| | ) | |
| Defendant, | ) | Magistrate Judge James S. Gallas |
| | ) | |

Cory Hier's prisoner civil rights complaint was thoroughly analyzed by the court in its memorandum of opinion and order filed December 5, 2006 (ECF #5).  The court explored the necessity of exhaustion of administrative remedies under 42 U.S.C. §1997(e) and for the reasons discussed in that decision, the court found that (1) the only claim in which proper exhaustion attempts had been made was with respect to his placement in a special housing unit, and (2) that his claims against T.R. Sniezek pertaining to denial of religious practices and accommodations were dismissed without prejudice (see Opinion at 7).

Defendant T.R. Sniezek has filed what is titled a motion to dismiss and this motion refers to Fed. R. Civ. P. 12(b)(6) (ECF #13).  However, the arguments within the accompanying brief refer to "public information data for Inmate Cory Hier," "Bureau of Prisons program statement 536009," the sworn declaration of Rosalind Bingham, paralegal specialist for the Federal Bureau of Prisons, Northeast Regional Office, which in turn incorporates what is captioned "Administrative Remedy Generalized Retrieval," and the sworn declaration of Don Wilcome, unit manager of FCI Elkton.

4:06 CV 2173                                                           2

Defendant's motion also maintains that this prisoner civil rights complaint is actually a petition for habeas corpus under 28 U.S.C. §2241.

As defendant is well aware, Rule 12(b)(6) permits the court to treat the motion as one for summary judgment and to dispose of it under Rule 56 after all parties have been "given reasonable opportunity to present all material made pertinent to such motion by Rule 56." This court has a policy against defendants' veiling summary judgment motions as motions to dismiss.

> It is the intent of this Court never to allow a party to gain any advantage by filing a Fed. R. Civ. P. 12(b)(6) motion that refers to matters outside the pleadings in the hope that the Court will treat it as a motion for summary judgment. For these reasons, as a practical matter the Court may simply deny a Fed. R. Civ. P. 12(b)(6) motion that depends on assertions outside the pleadings, counsel impliedly represents that the Court should consider those matters. Accepting that representation as correct, the Court must deny the motion unless summary judgment is appropriate. Summary judgment is not appropriate before the opposing party has had a reasonable opportunity for a response that shows there is a dispute of material fact.

*Lyons v. Brandly*, Case No. 4:03 CV 1620, Memorandum Opinion and Order, Sep. 20, 2006, ECF #173).

The undersigned notes that no case management conference has yet been held in this matter to discuss setting the discovery period and there is no indication on the record that plaintiff has been presented with any discovery material. Thus defendant's motion for summary judgment has been presented prior to any discovery and is inherently prejudicial to plaintiff's position at this time.

4:06 CV 2173                                                                 3

However, this does not eliminate the consideration of the motion as what it purports to be, a Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief can be granted. From that standpoint, when considering a Rule 12(b)(6) motion to dismiss, "[t]he district court must construe the complaint in an light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Columbia Natural Res. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). Although the standard is essentially liberal, this standard of review does require more than a bare assertion of legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Id.* (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 4336 (6th Cir. 1988); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (liberal Rule 12(b)(6) review is not afforded legal conclusions and unwarranted factual inferences.)

Defendant claims that this case must be dismissed because plaintiff did not exhaust his administrative remedies and was not prevented from doing so. Defendant remarkably argues, "Failure to plead and prove the exhaustion of prison administrative remedies is a proper basis for dismissing a complaint." Motion, pg. 4-5, ECF #13. This is precisely the issue addressed in the court's December 2006 order. Moreover the court expressly stated in the memorandum opinion that the review conducted under 28 U.S.C. §1915(e) to determine whether or not to allow *in forma pauperis* status was based on the Rule 12(b)(6) standard of failure to state a claim upon which relief

4:06 CV 2173                                              4

of whether or not the complaint fails to state a claim upon which relief can be granted or whether it lacks an arguable basis of law and fact. This review is conducted under the same standard as Rule 12(b)(6). See *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997); *Apple v. Glenn*, 183 F.3d 477, 480 (6th Cir. 1999) ("Where §1915(e)(2) does not apply, most complaints will not be so clearly insufficient as to warrant dismissal under Rule 12(b)(1), but instead should be handled under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the complaint fails to state a claim upon which relief can be granted."). These 12(b)(6) arguments have previously been resolved by the court, and the court instructed, "This case shall proceed solely against Mr. Sniezek on the narrow issue of the basis for Mr. Hier's placement in the Special Housing Unit." (Order 12/5/06, ECF #5).

Mr. Sniezek claims that the court's resolution of the special housing unit issue was incomplete and that plaintiff also fails to state a claim upon which relief can be granted in regard to the special housing unit. With reference to the placement in a special housing unit (SHU), plaintiff claims that on February 11, 2005 Chaplain Johnson and Mr. Eisler assembled a meeting in the chapel with members of the Asatru, Rastafarian, Nation of Islam and others and they were informed they were considered potential terrorists and a threat to the security of the institution. They were also allegedly told that their formal ceremonies were to be observed by prison staff and that they could not hold classes or study groups. Plaintiff claims, however, that "mainstream" religious sects were not subjected to these same restrictions.

4:06 CV 2173                                    5

Plaintiff next claims that on February 14, 2005 he and other members of the Asatru religion were placed in SHU without any reason being given except that they were under investigation. Plaintiff further claims that on February 18, 2005 Sniezek stopped by plaintiff's cell in SHU and informed him that "Odinists" had perpetrated a riot in 1984 at a different prison where a prisoner was killed and that there had more recently been a riot at another prison and that he felt that the Asatru group needed to be placed under investigation for the "actions of someone else at another institution, at another security level."  (Complaint ¶12).

Mr. Sniezek maintains that these allegations do not show a violation of due process rights because even lengthy administrative detention in and of itself does not impose an atypical or significant hardship which would create a liberty interest.  See *Sandin v. Conner*, 515 U.S. 472 (1995); *Jones v. Baker*, 155 F.3d 810 (6th Cir. 1998); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997). The undersigned agrees with this argument and further adds that these allegations do not substantiate a claim of retaliation for the exercise of First Amendment rights as outlined in *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999) (*en banc).*

In circumstances similar to those complained by plaintiff, in *Harbin-Bey v. Rutter*, 420 F.3d 521 (6th Cir. 2005), a prisoner alleged that his placement in security control violated equal protection, due process, access to the courts, freedom from censorship of his mail and publications, freedom of religion, and freedom from retaliation.  *Id.* at 574.  In discussing the alleged violation of equal protection, the Sixth Circuit noted that adverse effects on a suspect class will be sustained if there is a compelling state interest.  *Harbin-Bey*, 420 F.3d at 575-76.  The court further went on

4:06 CV 2173                                                    6

to explain that avoidance of imminent threat of institution disruption or violence is such a compelling state interest. *Id.* and see *In re Long Term Admin. Segregation of Inmates Designated as Five Percenters*, 174 F.3d 464, 469 (4th Cir. 1999). Further the court pointed out that a prisoner does not have a constitutional right to be placed in a specific security classification. *Id.*; *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). While plaintiff alleges that no reason was given for the segregation, he follows this with a statement of Mr. Sniezek's concerns of institutional security, and precludes it with the chapel speech that his group was considered to be terrorists. The complaint raises and resolves this issue.

Next in addressing due process concerns, the Sixth Circuit relied on *Sandin v. Conner* that the prisoner must show an atypical and significant hardship." As Mr. Sniezek pointed out, there are no allegations in the complaint that could be read to state this necessary prerequisite to a due process claim. See *Sandin*, 515 U.S. at 484; *Harbin-Bey*, 420 F.3d at 577.

Finally, the decision in *Harbin-Bey* recites the elements of retaliation based on the prisoner's exercise of First Amendment rights from *Thaddeus-X* as requiring: (1) engaging in protected conduct; (2) an adverse action taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) a causal connection between the elements showing the act was motivated at least in part by protected conduct. See *Thaddeus-X*, 175 F.3d at 394; *Harbin-Bey*, 420 F.3d at 579. Again there is nothing in the complaint nor reasonable inferences therefrom which would satisfy the second element that housing in SHU deterred Asatru members from engaging in that conduct. They may have been observed by prison staff, but they

4:06 CV 2173                                              7

were still permitted to congregate and there is no allegation that the formal Asatru ceremonies were prohibited directly or indirectly by placement in SHU.  Accordingly, the critical allegations are omitted with respect to any equal protection, due process or retaliation claim and consequently the complaint should be dismissed in its entirety for failure to state a claim on which relief can be granted even with the leniency given to *pro se* matters.

### *CONCLUSION AND RECOMMENDATION*

For the foregoing reasons, it is recommended that T.R. Sniezek's motion to dismiss (Docket No. 13) be granted and the case dismissed for failure to state a claim on which relief can be granted and judgment entered in favor of Mr. T. R. Sniezek.

                                                                     s/James S. Gallas                       
                                                                United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: March 6, 2007